# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> DOMINIQUE GRACE, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:16-cr-0052-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Report and Recommendation of the Honorable United States Magistrate Judge Carl W. Hoffman, (ECF No. 246), recommending that Defendant Dominique Grace ("Defendant") is competent to stand trial. Defendant timely filed his Objection, (ECF No. 257), and the Government timely filed a Response, (ECF No. 263). For the reasons discussed below, the Court overrules Defendant's Objection.

## I. BACKGROUND

On February 23, 2016, Defendant was charged with conspiracy to distribute a controlled substance in violation of 18 U.S.C. § 846(a)(1), 841(a)(1) and 841(b)(1)(A)(iii). (*See* Indictment, ECF No. 1). On April 27, 2017, Defense Counsel filed a Motion for Hearing to Determine Competency because he was concerned Defendant demonstrated low cognitive abilities and an inability to understand documents. (*See* Mor. for Hr'g to Determine Competency 3:24–26, ECF No. 148). On May 23, 2018, the Court determined that good cause existed to order Defendant to undergo a psychiatric or psychological examination by a licensed or certified psychiatrist or psychologist. (*See* Order, ECF No. 156).

Defense counsel hired Dr. Thomas Kinsora ("Dr. Kinsora"), a neuro-psychologist, to assess Defendant's level of functioning, and he opines that Defendant is not competent to assist counsel. (*See* Mot. for Hr'g to Determine Competency, Def.'s Ex. B at 16, ECF No. 148). "[T]he government obtained a report from [Dr. Jaime Jauregui ("Dr. Jauregui")], a forensic psychologist at the Metropolitan Correctional Center ("MCC"), Federal Bureau of Prisons, San Diego, which opined that [Defendant] was competent to assist his counsel, and to understand the nature of the proceedings against him." (R. & R. 2:3–6, ECF No. 246); (*see* Exhibit List, Gov't.'s Ex. 2, ECF No. 224). As a result of the doctors' differing opinions, the Court held a competency hearing on November 28, 2017, and took the matter under submission. (*See* Mins. of Proceeding, ECF No. 223).

At the hearing, evidence was presented that Dr. Kinsora conducted an evaluation of Defendant "over a period of six hours at the federal detention facility, and collected information regarding his social, educational, vocational, criminal and medical histories, and additionally conducted numerous neuro-psychological tests." (R. & R. 5:20–22, ECF No. 246); (*see* Exhibit List, Def.'s Ex. B at 32, ECF No. 224). Dr. Kinsora testified that his tests revealed that Defendant is intellectually disabled and functionally illiterate. (R. & R. 5:24–6:2, ECF No. 246). Dr. Kinsora opined that Defendant "would be able to understand a conspiracy allegation if it were explained to him." (*Id*. 6:11–12). Additionally, and on cross-examination Dr. Kinsora "changed his opinion and indicated that [Defendant] was able to understand the nature and consequences of the proceedings." (*Id*. 5:14–17).

Dr. Jauregui conducted an evaluation of Defendant at MCC over seven different days totaling an eighteen-hour period from July 5, 2017 until August 4, 2017. (*Id*. 7:3–4); (*see* Exhibit List, Gov't.'s Ex. 2 at 15, ECF No. 224). Dr. Jauregui performed clinical interviews, observed Defendant's behavior, reviewed legal documents with Defendant, administered psychological tests, reviewed recorded phone calls made by Defendant, and consulted with

MCC staff. (R. & R. 7:5–8). Dr. Jauregui "diagnosed Grace with Intellectual Disability, Mild," and opined that Defendant's "disability does not substantially impair his present ability to understand the nature and consequences of the court proceedings brought against him, or substantially impair his ability to properly assist counsel in a defense." (*Id*. 8:6, 10:15–17); (*see* Exhibit List, Gov't.'s Ex. 2 at 21, ECF No. 224). After a review of the evidence presented, Judge Hoffman determined that although Defendant "suffers from a mild intellectual disability, it does not substantially impair his competence to stand trial." (R. & R. 13:23–24).

## II. <u>LEGAL STANDARD</u>

### A. Objection to a Magistrate's Report and Recommendation

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3–2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3–2(b).

### B. Competency to Stand Trial

The Due Process Clause of the Fifth Amendment prohibits trying a defendant who is mentally incompetent. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996); *Pate v. Robinson*, 383 U.S. 375, 378 (1966). "A person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 420 U.S. 162, 171 (1975).

The treatment of defendants suffering from a mental disease or defect is governed by the Insanity Defense Reform Act of 1984. 18 U.S.C. §§ 4241-48. The Federal Criminal Code establishes a multi-part statutory scheme for addressing defendants suffering from a mental

disease or defect who have pending federal charges. If a question is raised concerning whether a defendant is competent to stand trial or assist in his defense, the court first determines whether the defendant suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense. 18 U.S.C. § 4241(a), and (d); *see also United States v. Friedman*, 366 F.3d 975, 980 (9th Cir. 2004). Section 4241(d) establishes a two-part disjunctive test of competency. *Id*. A defendant must be able both to understand the nature of the proceedings against him, and to assist properly in his defense. *Id*.

The Supreme Court held that the test for determining whether a defendant is competent to stand trial is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960); *see also Cooper v. Oklahoma*, 517 U.S. 348, 356 (1996) (quoting *Dusky* and stating the test for incompetence is well settled). It is the Government's burden to prove by a preponderance of the evidence that the defendant is competent to stand trial. *See United States v. Hoskie*, 950 F.2d 1388, 1392 (9th Cir. 1991).

### III. DISCUSSION

Defendant broadly objects to Judge Hoffman's Report and Recommendation, requesting that the Court review the "entire transcript of the Evidentiary Hearing." (Obj. at 8, ECF No. 257). Defendant's Objection is improper because it does not raise a "*specific* written objection" to the Report and Recommendation. D. Nev. R. IB 3–2 (emphasis added). Further, the Court is unable to make "a *de novo* determination of those *portions* of the Report to which objections are made," because Defendant does not cite to the Report and Recommendation anywhere in his Objection. *Id*. (emphasis added). Nevertheless, this Court finds it appropriate to review the record to determine whether to adopt the recommendation of the Magistrate Judge.

Defendant argues that he is "functionally unable to assist counsel in his defense, or make informed decisions, due to his extremely low IQ, and apparent brain damage from birth." (Obj. at 7–8). Defendant relies on Dr. Jaurequi's report, which states that "it is reasonable to conclude that [Defendant] is intellectually disabled, does not understand the court proceedings as required, and currently is not able to assist counsel in his own defense." (Exhibit List, Def.'s Ex. B at 38, ECF No. 224). In his Objection, Defendant does not present new legal arguments, but rather requests that this Court reject Judge Hoffman's determination that Defendant is able to assist his counsel.

Judge Hoffman concluded that Defendant "has the present ability to consult with his lawyer with a reasonable degree of rational understanding, and that he possesses a rational as well as factual understanding of the proceedings against him." (*Id*. 13:25–28). In his Report and Recommendation, Judge Hoffman details that Dr. Jauregui "had a much greater ability to observe [Defendant] in a variety of settings" because "[s]he spent 18 hours over six days in testing, interviews, observing him interacting with others, and monitoring his telephone calls with friends and family." (R. & R. 12:5–7); (*see* Exhibit List, Gov't.'s Ex. 2 at 15, ECF No. 224). Contrastingly, "Dr. Kinsora only took six to seven hours, and much of the evaluation time was spent administering various tests to determine Grace's mental disability." (*Id*. 12:7–9); (*see* Exhibit List, Def.'s Ex. B at 32, ECF No. 224). As a result, Judge Hoffman concluded that "[t]he stark difference in the two opinions is that [Dr. Jauregui] was able to develop more insight into the impact of Grace's disability." (*Id*. 12:26–27).

Upon review of the record, the Court finds no basis to depart from Judge Hoffman's findings because Defendant possesses the required ability to consult with counsel and understand the proceedings. Defendant must have the "ability to consult with his lawyer with a reasonable degree of rational understanding—and [have] a rational as well as factual understanding of the proceedings against him" to be deemed competent to stand trial. *Dusky*,

362 U.S. at 402. Although Dr. Kinsora concludes that Defendant is currently unable to assist counsel, he recommends that assistance and additional time be provided to explain information to Defendant. (*See* Exhibit List, Def.'s Ex. B at 38, ECF No. 224). The Court agrees with Judge Hoffman, that Dr. Kinsora's recommendation indicates Defendant can effectively consult with counsel if given support and time to process the information. (R. & R. 12:17–20).

Dr. Jauregui reported that Defendant "tended to become guarded when discussing details of his legal case and at least initially, typically answered [her] questions with the response that he did not know, could not recall, or did not understand." (Exhibit List, Gov't.'s Ex. 2 at 23, ECF No. 224). Dr. Jauregui observed that Defendant's "resistance to discussing these issues had less to do with his 'confusion' or inability to understand details of his case, and more to do with his fear of self-incrimination." (*Id.*). However, over time, Defendant became more willing to speak about his charges and an alleged lack of evidence. (*Id.*). Ultimately, Dr. Jauregui concluded that Defendant "very well understands the details associated with his case." (*Id.* at 24). The Court finds that Dr. Kinsora most likely observed Defendant's resistant behavior in the short six-hour evaluation that he conducted. Moreover, on cross-examination Dr. Kinsora agreed that Defendant would be able to understand the nature and consequences of the court proceedings. (R. & R. 5:14–16). The evaluating expert witnesses' opinions lead the Court to conclude that Defendant is able to understand the nature of a conspiracy charge and assist counsel in his defense.

The Court finds that Judge Hoffman correctly determined Defendant is competent to stand trial. Accordingly, Defendant's Objection, (ECF No. 257), is overruled. The Court accepts and adopts Judge Hoffman's Report and Recommendation, (ECF No. 246), to the extent that it is not inconsistent with this opinion.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 246), is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Defendant is competent to stand trial.

**DATED** this __27__ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court